Military Academy-Scope-Name-Power to Change The Legislature cannot change the function and scope of Oklahoma Military Academy in light of the Oklahoma Constitution, Article XIIIA, Section 2 although the Legislature could change the name of said institution. The Attorney General is in receipt of your letter of March 5, 1968, regarding the constitutionality of Committee Substitute for House Bill No. 660. You ask: Can the Legislature change the function and scope of Oklahoma Military Academy? Article XIIIA, Section 2 Oklahoma Constitution provides in part: "The Regents shall constitute a co-ordinating board of control for all State institutions described in Section 1 hereof, with the following specific powers: (1) it shall prescribe standards of higher education applicable to each institution; (2) it shall determine the functions and courses of study in each of the institutions to conform to the standards prescribed; (3) it shall grant degrees and other forms of academic recognition for completion of the prescribed courses in all of such institutions; (4) it shall recommend to the State Legislature the budget allocations to each institution, and; (5) it shall have the power to recommend to the Legislature proposed fees for all of such institutions, and any such fees shall be effective only within the limits prescribed by the Legislature." 70 O.S. 3201 [70-3201], 70 O.S. 3206 [70-3206] and 70 O.S. 3208 [70-3208] (1967), provide in material part: "3201. The following State Educational Institutions shall be members of the Oklahoma State System of Higher Education; University of Oklahoma; . . . and Oklahoma Military Academy. "3206. As provided in Article XIII-A of the Constitution of Oklahoma, the State Regents shall constitute a coordinating board of control for all State Educational Institutions with the following specific powers: "(b) It shall determine the functions and courses of study in each of the institutions to conform to the standards prescribed. "3208. All functions and courses of study of the constituent institutions of the State System shall stand as they now are until changed with the approval or by order of the State Regents. "In the determination of the functions of the said constituent institutions, and the approval or disapproval of courses of study prescribed by them, the State Regents shall afford any and all institutions affected a full public hearing, after such notice as may be prescribed by the State Regents, before ordering any change, and shall allow sufficient time before final action is taken for the said institution or institutions to prepare and present its or their arguments and briefs in support of or in opposition to any such proposed change." Committee Substitute for House Bill No. 660 is as follows: "Section 1. Section 801 of Chapter 396, O.S.L. 1965 (70 O.S.Supp. 1965 Section 3801[70-3801] [70-3801]), is amended to read as follows: "Section 801. The State Educational Institution located at Claremore, known and designated as the Oklahoma Military Academy, shall continue in the same location and its official name shall be the Oklahoma Military Academy WILL ROGERS COLLEGE, AND ALL REFERENCES IN THIS CODE TO THE OKLAHOMA MILITARY ACADEMY SHALL BE DEEMED TO BE THE WILL ROGERS COLLEGE. THE BOARD OF REGENTS FOR HIGHER EDUCATION IS HEREBY REQUESTED TO PROVIDE THAT BOTH MALE AND FEMALE STUDENTS SHALL BE ADMITTED TO SUCH INSTITUTION BEGINNING WITH THE FALL TERM OF 1968; AND PROVIDE THAT FOUR YEARS OF INSTRUCTION SHALL BE OFFERED TO STUDENTS AT SUCH INSTITUTION WHEN A SUITABLE FACULTY AND ADEQUATE FINANCES ARE AVAILABLE." Article V, Section 36
Oklahoma Constitution provides: "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subjects whatsoever." Our court in State ex rel. Read v. Midwest Mutual Burial Ass'n,176 Okl. 468, 56 P.2d 124 hold in the first paragraph of the syllabus, as follows: "Acts of the Legislature will not be held invalid unless they are clearly in conflict with some constitutional provision, and all doubt, where there is doubt, will be resolved in favor of the constitutionality of the act." It should be noted the constituent institutions under the control of the Oklahoma State Regents for Higher Education are not named in the Constitution of this State but are named in Section 3201, supra, enacted by the legislature in 1965 as part of the Oklahoma Higher Education Code. House Bill 660 seeks first to change the name of Oklahoma Military Academy to Will Rogers College, and second, to request the Regents for Higher Education to change the function and courses of study from a military academy, with a secondary school and junior college curriculum to a co-educational institution with a senior college curriculum. There is no prohibition in the Oklahoma Constitution which would prevent the legislature from enacting a statute changing the name of Oklahoma Military Academy. Likewise, there is no prohibition in the Oklahoma Constitution which would prevent the legislature from enacting a statute requesting the Board of Regents for Higher Education to change the function and courses of study of the Oklahoma Military Academy. The legislature has no authority to change the function and courses of study of the Academy; such power and authority was reversed to the Board of Regents for Higher Education in Article XIIIA, Section 2, supra. Should the legislature enact House Bill No. 660 and the Board of Regents for Higher Education not comply with the request to change the function and courses of study of the Academy, we would have a military academy with a secondary school and junior college curriculum called Will Rogers College. It is therefore the opinion of the Attorney General that your question be answered in the negative. The legislature cannot change the function and scope of the Oklahoma Military Academy. House Bill No. 660 is not unconstitutional as drawn but could have a very undesirable effect, as stated above, if the State Regents fail to follow the recommendations contained therein. (W. J. Monroe) ** SEE: OPINION NO. 71-322 (1971) **